**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movant Andrew Marchitto*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFIR SCHWEIGER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ULTRA CLEAN HOLDINGS, INC., JAMES SCHOLHAMER, and SHERI SAVAGE, <br><br> Defendants. | Case No.: 3:25-cv-02768-JSC <br><br> **ANDREW MARCHITTO'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL** <br><br> Date:        July 3, 2025 <br> Time:        10:00 a.m. <br> Courtroom:   8-19th Floor <br> Judge:       Hon. Jacqueline Scott Corley |

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT .................................................................................................1

II.     ARGUMENT..........................................................................................................................2

        A.      The PSLRA Process for Selecting a Lead Plaintiff.........................................................2

        B.      Mr. Marchitto Is the "Most Adequate" Lead Plaintiff...................................................3

                1.      *Mr. Marchitto Possesses the "Largest Financial Interest"* . ...........................3

                2.      *Mr. Marchitto Satisfies Rule 23's Typicality and Adequacy Requirements.* ......4

        C.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Marchitto as Lead Plaintiff. ................................................................................................6

III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL....................6

IV.     CONCLUSION.....................................................................................................................6

ANDREW MARCHITTO'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS
MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

**TABLE OF AUTHORITIES**

<u>Cases</u>

*Abrams v. Intuitive Surgical, Inc.*,
No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18, 2013) ...............................................................................................................................3

*In re Aqua Metals Sec. Litig.*,
No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018) ........................1

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...............................................................................3, 4, 5, 7

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994) ...............................................................................................6

*Crews v. Rivian Auto., Inc.*,
No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1, 2022) ...............................................................................................................................4

*Doherty v. Pivotal Software, Inc.*,
No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8, 2019) ...............................................................................................................................3

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ....................................................................................5, 6

*Hall v. Medicis Pharm. Corp.*,
No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar. 10, 2009) ...............................................................................................................................5

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018) .............................................................................5

*Hufnagle v. Rino Int'l Corp.*,
No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) .................................................................................................................7

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) .............................................................................1

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...........................4

*In re Olsten Corp. Securities Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................4

*Robb v. Fitbit Inc.*,
Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) .....................1

*In re Stitch Fix, Inc. Sec. Litig.*,
393 F. Supp. 3d 833 (N.D. Cal. 2019) ..............................................................................3

ANDREW MARCHITTO'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ..................................................................................2

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,
    No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452 (C.D. Cal. Sep. 29,
    2017) ..................................................................................................................................4

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................*passim*

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Andrew Marchitto ("Mr. Marchitto") is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.*, Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and afford it the greatest weight in determining which movant has the largest financial interest. *Id.* (noting that "the last of these factors typically carries the most weight"); *see also In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest).

As the following table demonstrates, Mr. Marchitto possesses the largest financial interest in the Action under the most important factor, approximate loss suffered.

| Movant | Claimed Losses |
|---|---|
| Andrew Marchitto | $23,440.52 |
| Ergül İlaslan | $23,264.39 |
| Lukas Stauskis | $18,538.08 |
| Matthew Haas | $3,756.00 |

*See* ECF Nos. 20-3; 23-3; 27-3; and 30-3.

The PSLRA, does not distinguish small advantages in financial interest from larger ones; it simply says the "largest." With nearly $200 more losses than the next closest movant, Ergül İlaslan, and over $5,000 more losses than the next movant, Lukas Stauskis, there can be no dispute that Mr. Marchitto holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Mr. Marchitto has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Mr. Marchitto is typical of the other class members insofar as he acquired Ultra Clean Holdings, Inc. ("Ultra Clean" or the "Company") securities during the Class Period and was damaged as a result. Mr. Marchitto does not have any interests adverse to the class and, as demonstrated in the declaration accompanying his motion, he is ideally suited to serve as the lead plaintiff given his experience overseeing attorneys and 30 years investing in the stock market. *See* ECF No. 23-5.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Marchitto is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut this presumption with proof that Mr. Marchitto is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Marchitto respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## II. ARGUMENT

### A. The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig*., 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest that satisfies Rule 23 is the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id.*

### B.  Mr. Marchitto Is the "Most Adequate" Lead Plaintiff.

#### 1.  *Mr. Marchitto Possesses the "Largest Financial Interest"* .

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Marchitto is entitled to that presumption because, relative to the other movants, Mr. Marchitto's losses are greater. In accordance with *In re Olsten Corp. Sec. Litig*. and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.*, No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed); see also *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

ANDREW MARCHITTO'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at \*14 (C.D. Cal. Sep. 29, 2017). In this instance, Mr. Marchitto is the movant with the largest loss under the most important factor, approximate loss suffered.

| Movant | Claimed Losses |
|---|---|
| Andrew Marchitto | $23,440.52 |
| Ergül İlaslan | $23,264.39 |
| Lukas Stauskis | $18,538.08 |
| Matthew Haas | $3,756.00 |

*See* ECF Nos. 20-3; 23-3; 27-3; and 30-3.

Mr. Marchitto lost nearly $200 more as compared to the next closest movant, Ergül İlaslan. Courts in this Circuit have concluded that any financial difference is meaningful in determining a lead plaintiff. *See, e.g.*, *Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093, at \*19 (D. Ariz. Mar. 10, 2009) ("[T]he Court cannot rely on the fact that the difference between Steamfitters and Rand is only a few hundred dollars. Rand has a greater financial stake in the controversy, however minute that greater stake may be in relation to the overall damage claim."); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) ("Although the Massachusetts Group concludes that the 'de minimus' difference of $26,000 should not be conclusive on the financial interest determination, the Ninth Circuit has given no indication that courts are free to ignore the statutory presumption given to the plaintiff with the "largest financial interest in the relief sought by the class.") (citing *Cavanaugh*, 306 F.3d at 732); *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) ("Neither has the Court found persuasive authority, nor have the parties provided any to the Court, suggesting that the Court should not determine that a plaintiff has largest financial share when its lead is small. To the contrary, courts in this circuit have concluded that any financial difference is meaningful in determining a lead plaintiff."); Accordingly, Mr. Marchitto has the largest financial interest in this matter.

### 2.   *Mr. Marchitto Satisfies Rule 23's Typicality and Adequacy Requirements.*

Not only does Mr. Marchitto possess the largest financial interest of all movants pursuant to the PSLRA and the most important prong of the widely accepted *Olsten/Lax* Factors, but he also satisfies

ANDREW MARCHITTO'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari*, 225 F.R.D. 599, 606 (internal quotations removed). Mr. Marchitto's claims are typical of those of other Class members because, like other Class members, he acquired Ultra Clean securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Mr. Marchitto's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Mr. Marchitto must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Mr. Marchitto has no conflicts with other Class Members, nor is there evidence of any antagonism between Mr. Marchitto's interest and those of the Class.

Finally, Mr. Marchitto has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Mr. Marchitto provided his investing experience, employment, education, and experience overseeing attorneys. *See* ECF No. 23-5. Mr. Marchitto lives in Milford, Connecticut, and possesses a Bachelor of Science in Business Management. *Id* . He is currently employed as Director of Quality and Procurement for Coherent Ceramics Inc. *Id*. Mr. Marchitto has been investing in the stock market for 30 years. *Id*. He has experience overseeing attorneys, as he has hired attorneys for real estate and family law matters. *Id*. Further, in his certification and declaration, Mr. Marchitto states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 23-2; 23-5 (PSLRA Certification & Marchitto Declaration).

Mr. Marchitto, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Mr. Marchitto is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C. No Movant Can Rebut the Strong Presumption in Favor of Appointing Mr. Marchitto as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Action of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Mr. Marchitto has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Mr. Marchitto, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Mr. Marchitto's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Mr. Marchitto "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Mr. Marchitto is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that the other movants cannot do. Accordingly, Mr. Marchitto's motion should be granted in its entirety.

**III. LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL**

This Court should approve Mr. Marchitto's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 23-6. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id.*

**IV. CONCLUSION**

For the foregoing reasons, Mr. Marchitto respectfully requests that this Court: (1) appoint Mr. Marchitto as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel

ANDREW MARCHITTO'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: June 6, 2025                    Respectfully submitted,

                                       **LEVI & KORSINSKY, LLP**

                                       */s/ Adam M. Apton*
                                       Adam M. Apton (SBN 316506)
                                       1160 Battery Street East, Suite 100
                                       San Francisco, CA 94111
                                       Tel: (415) 373-1671
                                       Email: aapton@zlk.com

                                       *Attorneys for Andrew Marchitto and Proposed Lead Counsel for the Class*

ANDREW MARCHITTO'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL