UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFIR SCHWEIGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ULTRA CLEAN HOLDINGS, INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02768-JSC<br><br>**ORDER RE MR. ERGÜL İLASLAN'S MOTION TO APPOINT LEAD PLAINTIFF**<br><br>Re: Dkt. Nos. 19, 23, 26, 30 |

Plaintiff Ofir Schweiger instituted this putative class action against Ultra Clean Holdings and two individuals ("Defendants") for making materially false and misleading statements and omissions to artificially inflate the price of its stock in violation of the Securities Exchange Act, ("PSLRA"), and related regulations. (Dkt. No. 1.)[1] Notice of the action was made on March 24, 2025 and filed with the Court on April 11, 2025. (Dkt. Nos. 9, 9-1.) Subsequently, four putative class members (collectively "movants") moved for appointment as lead plaintiff and for approval of their respective selections of lead counsel. (Dkt. Nos. 19, 23, 26, 30.) After opening briefs were filed, two movants withdrew their motions and one submitted a motion of non-opposition. (Dkt. Nos. 33, 35, 37.) So, before the Court is Mr. İlaslan's unopposed motion for appointment as lead plaintiff and approval of his selection of lead counsel. (Dkt. No. 15.) Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and GRANTS the unopposed motion. Mr. İlaslan has demonstrated the largest financial interest in the litigation and made a *prima facie* showing he is an adequate and typical class representative.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**DISCUSSION**

The complaint alleges two claims against Defendants under §§ 10(b) and 20(a) of the PSLRA, 15 U.S.C. § 78j(b), and Rule 10b-5. (Dkt. No. 1 ¶¶ 10, 67-77.) Mr. İlaslan now seeks appointment as lead plaintiff pursuant to § 78u-4(a)(3)(B)(i) and approval of his selection of counsel pursuant to § 78u-4(a)(3)(B)(v).

**I.  Appointment as Lead Plaintiff**

The Court must appoint "as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA presumes "the most adequate plaintiff" is the individual who (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—" (1) "will not fairly and adequately protect the interests of the class; or" (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

Because notice of the action was sent on March 24, 2025 and filed with the Court on April 11, 2025, the deadline to move for appointment as lead plaintiff was May 23, 2025. (Dkt. Nos. 9, 9-1.) Mr. İlaslan timely filed a "motion in response to a notice" for appointment as lead plaintiff, thereby satisfying the first element of the § 78u-4(a)(3)(B)(iii)(I) presumption. (Dkt. No. 15.) Though three other motions were filed, two motions were subsequently withdrawn and the other was supplemented with a notice of non-opposition. (Dkt. Nos. 33, 35, 37.) So, Mr. İlaslan's motion is the only motion currently pending before the Court.

The second element of the most adequate plaintiff presumption is the plaintiff "who has the greatest financial stake in the outcome of the case." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). Mr. İlaslan incurred losses amounting to $23,580.00 on his purchase of 1,500 shares during the class period. (Dkt. No. 34 at 2.) The other motions show the other movants incurred losses less than this amount. (*See* Dkt. No. 34 at 2

1  (comparing losses); Dkt. Nos. 23-3, 20-3, 30-3.)  Two movants acknowledged they do not have
2  the largest financial interest in the relief sought.  (Dkt. Nos. 33, 35.)  And while one movant
3  initially opposed Mr. İlaslan's motion, he subsequently withdrew his motion.  (Dkt. No. 37.)
4  Accordingly, no other movant has shown they have a larger financial stake in the outcome of the
5  case.  *See*  § 78u-4(a)(3)(B)(iii)(II).  So, Mr. İlaslan has satisfied the second element by showing
6  the greatest financial stake in the outcome of this case.

7  The final element of the presumption is to "otherwise satisf[y] the requirements of Rule 23
8  of the Federal Rules of Civil Procedure," which demands "a prima facie showing of adequacy and
9  typicality."  *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).  "Courts determine whether a plaintiff
10 will adequately represent a class by answering two questions: (1) do the movant and its 'counsel
11 have any conflicts of interest with other class members' and (2) will the movant and its 'counsel
12 prosecute the action vigorously on behalf of the class?'"  *Id.* at 899-900 (quoting *Ellis v. Costco*
13 *Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)).  "At this step, the process is not adversarial,
14 so the Rule 23 determination should be based on only the movant's pleadings and declarations."
15 *Id.* at 899.  Mr. İlaslan argues "the close alignment of interests between [him] and the other Class
16 members, and [his] desire to prosecute this action on behalf of the Class," allows him to
17 vigorously prosecute the action on behalf of the class.  (Dkt. No. 26 at 6.)  Further, he "is not
18 aware of any unique defenses that Defendants could raise against [him]" and no other movant
19 raised any such defenses.  (*Id.*)  That the other movants withdrew their motions or filed statements
20 of non-opposition further supports that Mr. İlaslan would be an adequate representative of their
21 interests.  So, Mr. İlaslan has fulfilled Rule 23's adequacy requirement.

22 As to Rule 23's typicality requirement, "[t]he test of typicality is whether other members
23 have the same or similar injury, whether the action is based on conduct which is not unique to the
24 named plaintiffs, and whether other class members have been injured by the same course of
25 conduct."  *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1061 (N.D. Cal. 2018).
26 Here, Mr. İlaslan allegedly suffered the same injury as the class—he "purchased the Company's
27 securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and
28 was damaged thereby."  (Dkt. No. 26 at 6.)  And he therefore also asserts the same claims as the

class. (*Id.*) That the motion is unopposed also suggests the other movants agree Mr. İlaslan's claims are typical to theirs and that he would be an adequate representative of their interests. (Dkt. Nos. 33, 35, 37.) So, Mr. İlaslan has fulfilled Rule 23's typicality requirement. (*Id.*); *see also Ali v. Intel Corp.*, No. 18-cv-00507-YGR, 2018 WL 2412111, at *3 (N.D. Cal. May 29, 2018) (finding typicality satisfied when "claims arise out of the same events and are based on the same legal theories as the claims of other class members."); *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-cv-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality when, "like all other members of the purported class, the Retirement System purchased Align common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged[ly] suffered damages as a result."). Therefore, Mr. İlaslan satisfies the presumption's third element.

Because Mr. İlaslan satisfies all three elements of § 78u-4(a)(3)(B)(iii)(I)'s presumption, and no other party has shown otherwise, he is presumed the most adequate plaintiff. Accordingly, the Court APPOINTS Mr. İlaslan as class representative.

## II. Approval of Selection of Counsel

Mr. İlaslan selected the Rosen Law Firm P.A. ("Rosen Law") to serve as lead counsel for the class. (Dkt. Nos. 26 at 7, 27, 27-4.) "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009). Rosen Law's resume, and its extensive experience in securities fraud litigation, demonstrate it is a reasonable choice. Accordingly, the Court APPOINTS Rosen Law as lead counsel. Lead counsel shall have the following responsibilities and duties on behalf of lead plaintiff and the putative class:

   (a) preparing and filing all pleadings;

   (b) briefing and arguing any and all motions;

   (c) conducting any and all discovery proceedings including depositions;

   (d) settlement negotiations;

   (e) pretrial discovery proceedings and the preparation for trial and the trial of this matter; and

(f) the supervision of all other matters concerning the prosecution or resolution of the consolidated action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. İlaslan's motion for appointment of lead plaintiff and approval of his selection of lead counsel, Rosen Law.  The parties shall meet and confer as required by Docket No. 18.

This Order disposes of Docket Nos. 19, 23, 26, and 30.

**IT IS SO ORDERED.**

Dated: June 27, 2025

JACQUELINE SCOTT CORLEY
United States District Judge