**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFIR SCHWEIGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTRA CLEAN HOLDINGS, INC., JAMES SCHOLHAMER, and SHERI SAVAGE,<br><br>Defendants. | Case No. 3:25-cv-02768-JSC<br><br>Date:        September 18, 2025<br>Time:        10:00 a.m.<br>Hon.         Jacqueline Scott Corley<br>Courtroom:   8—19th Floor<br><br>**LEAD PLAINTIFF ERGÜL İLASLAN'S MOTION FOR LEAVE TO ADD ADDITIONAL NAMED PLAINTIFF TO THE FORTHCOMING AMENDED COMPLAINT** |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on September 18, 2025, at 10:00 a.m., in the courtroom of the Hon. Jacqueline Scott Corley, United States District Judge for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Lead Plaintiff Ergül İlaslan ("Lead Plaintiff") will and hereby does move the Court for leave to add Andrew Marchitto and his counsel at Levi & Korsinsky, LLP ("Levi & Korsinsky") as an additional named plaintiff and additional counsel in the Amended Complaint due to be filed on August 26, 2025 pursuant to the Court's July 9, 2025, Order. (ECF No. 41).

As set forth below, inclusion of Mr. Marchitto as a named plaintiff will help protect the interests of the putative class by ensuring continuity of class representation in case any issues

1

with a given plaintiff may arise. In addition, Mr. Marchitto's counsel at Levi & Korsinsky filed the initial complaint in this case and since then has invested time conducting additional investigation into the factual allegations. This has included interviews and/or correspondence with former employees of Ultra Clean Holdings, Inc. ("Ultra Clean") that, upon information and belief, materially benefit the alleged claims against defendants. Notwithstanding Mr. Marchitto's and his counsel's inclusion in the case, Lead Plaintiff and Lead Counsel would remain fully in control of the case with supervision of all work and all primary decision-making being conducted by Lead Plaintiff and Lead Counsel.

<u>**Statement of Issues to be Decided [Civil L.R. 7-4(a)(3)]**</u>

(1) Whether Lead Plaintiff may add Andrew Marchitto and his counsel at Levi & Korsinsky, LLP ("Levi & Korsinsky") as an additional named plaintiff and additional counsel to aid in this litigation.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

<u>**RELEVANT PROCEDURAL FACTS**</u>

On March 24, 2025, Plaintiff Ofir Schweiger filed this securities class action complaint against Defendants Ultra Clean Holdings, Inc. ("Ultra Clean"), James Scholhamer, and Sheri Savage (together, "Defendants"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder ("Action"). (ECF No. 1). On June 27, 2025, the Court appointed Ergül İlaslan as lead plaintiff ("Lead Plaintiff") and The Rosen Law Firm as lead counsel ("Lead Counsel"). (ECF No. 39). In its Order, the Court held that Lead Counsel would be responsible for the supervision of all other matters concerning the prosecution or resolution of this case. *Id.* On July 9, 2025, the Court granted as modified the parties' Stipulation Regarding Schedule, directing Lead Plaintiff to file an Amended Complaint no later than August 26, 2025. (ECF No. 40-41).

From May 6, 2024 to February 24, 2025, inclusive, the class period alleged in the Complaint, Mr. Marchitto purchased Ultra Clean shares in reliance upon the allegedly materially false and misleading statements issued by Defendants and was injured thereby. *See* ECF No. 23,

LEAD PLAINTIFF ERGÜL İLASLAN'S MOTION FOR LEAVE TO ADD ADDITIONAL NAMED
PLAINTIFF TO THE FORTHCOMING AMENDED COMPLAINT – Case No. 3:25-cv-02768-JSC

23-1, 23-3. Lead Plaintiff now brings this motion to confirm that it may include Mr. Marchitto as an additional named plaintiff in the amended complaint.

## ARGUMENT

Courts routinely hold that adding named plaintiffs is both permissible under the PSLRA and consistent with lead plaintiffs' duties. In *Hunt v. Bloom Energy Corp.*, 2021 WL 1110260, at *1-2 (N.D. Cal. March 23, 2021), the Court denied a motion to strike from an amended complaint the addition of six additional named plaintiffs and one additional counsel, holding that the addition of named plaintiffs is "permissible and consistent with the Lead Plaintiff's duties." *See also Grand Lodge of Pa. v. Peters*, 560 F. Supp. 2d 1270, 1273 (M.D. Fla. 2008) (it is "permissible" under the PSLRA to add "named plaintiffs to aid the lead plaintiffs"); *Rensel v. Centra Tech., Inc.*, 2018 WL 4829038, at *2 (S.D. Fla. Sept. 25, 2018) (same).

Courts also routinely find that plaintiffs working together confer numerous benefits on the class, such as sharing resources, experience, and expertise, as well as continuity and stability if the lead plaintiff is somehow dismissed or otherwise rejected as a class representative. See, e.g., *In re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) ("additional representation may benefit the class and provide flexibility, if needed, in the future"); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-152 (JEI), 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) (allowing multiple plaintiffs "since each may bring a unique perspective to the litigation"); *Johnson v. Pozen, Inc.*, 1:07CV599, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008) (allowing multiple plaintiffs where doing so "ensure[d] that a broader range of shareholder interests will be represented"); *Lang v. Tower Group Int'l*, Ltd., 13 Civ. 5852(AT) et al., 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014) (multiple plaintiffs "can have the salutary effect of providing greater stability in the prosecution of [the litigation] should a decision be reached at some later stage in the litigation that either . . . plaintiff will not adequately represent the class") (internal quotation omitted); *Dolan v. Axis Capital Holdings Ltd.*, Nos. 04 Civ. 8564 (RJH) et al., 2005 WL 883008, at *5 (S.D.N.Y. Apr. 13, 2005) (multiple plaintiffs will be able to pool financial resources, knowledge and experiences, and may also reap the benefits of joint decision-making when pressed with difficult choices) (internal quotation omitted); *see also*, *Ferreira v. Funko, Inc.*, 2020 WL

LEAD PLAINTIFF ERGÜL İLASLAN'S MOTION FOR LEAVE TO ADD ADDITIONAL NAMED PLAINTIFF TO THE FORTHCOMING AMENDED COMPLAINT – Case No. 3:25-cv-02768-JSC

3246328, at *6 (C.D. Cal. June 11, 2020) (permitting multiple lead plaintiffs); *Johnson v. OCZ Tech. Grp., Inc.*, 2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013) (same); *Robb v. Fitbit Inc.*, 2016 WL 2654351, at *5 (N.D. Cal. May 10, 2016) (same).

In this case, Mr. Marchitto's inclusion in the Amended Complaint as an additional named plaintiff and allowing Levi & Korsinsky to serve as additional counsel will advance the interests of the Class. Mr. Marchitto and Levi & Korsinsky undertook considerable investigative efforts prior to and after filing the initial complaint. Since then, witnesses in possession of materially beneficial information have contained attorneys at Levi & Korsinsky directly, affording the attorneys at Levi & Korsinsky important perspective and access to information that will assist Lead Counsel and the class. *See* Declaration of Adam M. Apton in Support of Motion for Leave to Add Additional Named Plaintiff at ¶2. Lead Plaintiff and Lead Counsel request permission to involve Mr. Marchitto and Levi & Korsinsky in the litigation in order to benefit Lead Plaintiff and the Class's litigation strategy moving forward. Without their inclusion, Lead Plaintiff and the Class may be left at a disadvantage that would unduly prejudice the case.

While Lead Plaintiff proposes that Levi & Korsinsky assist Lead Counsel in litigating this action, Lead Plaintiff and Lead Counsel would remain fully in control of the case. Courts permit lead counsel to apportion work as appropriate to counsel for an additional plaintiff. See, e.g., *In re Horizon Cruises Litig.*, No. 94 CIV. 5270 (LMM), 1995 WL 146222, at *1 (S.D.N.Y. Mar. 31, 1995) ("[T]he Court expects [additional class counsel] to remain active in the litigation, and that lead counsel will apportion work (e.g., the taking of depositions) among all three class counsel . . . .").

The inclusion of Mr. Marchitti is additionally appropriate because Defendants will not suffer any prejudice. The Court appointed Lead Plaintiff in accordance with the requirements of the PSLRA. Consistent with his obligations, Lead Plaintiff seeks to litigate this action in the best interests of the putative class. In so doing, he has concluded that it would be beneficial to the interests of the absent class members to add an additional named plaintiff and utilize the assistance of additional counsel. There is no possible prejudice to Defendants as a result.

## CONCLUSION

For the reasons stated, the Court should grant Lead Plaintiff leave to include Mr. Marchitto and his counsel at Levi & Korsinsky in the forthcoming Amended Complaint as an additional named plaintiff and additional counsel, respectively.

Dated: August 11, 2025                              Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Jacob A. Goldberg
Jacob A. Goldberg (admitted *pro hac vice*)
Leah Heifetz-Li (admitted *pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone:    (215) 600-2817
Facsimile:    (212) 202-3827
Email:        jgoldberg@rosenlegal.com
              lheifetz@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email:        lrosen@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I, Jacob A. Goldberg, hereby certify that a true and correct duplicate copy of the foregoing Motion for Leave to Add Additional Named Plaintiff to the Forthcoming Amended Complaint was filed electronically on August 11, 2025. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Jacob A. Goldberg</u>
Jacob A. Goldberg