BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
EUNICE LEONG, State Bar No. 320499
eunice.leong@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OFIR SCHWEIGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTRA CLEAN HOLDINGS, INC., JAMES SCHOLHAMER, and SHERI SAVAGE,<br><br>Defendants. | Case No.: 3:25-cv-02768-JSC<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO ADD ADDITIONAL NAMED PLAINTIFF**<br><br>Date:     October 9, 2025<br>Time:     10:00 a.m.<br>Location:  Courtroom 8—19th Floor<br>Judge:   Hon. Jacqueline Scott Corley |

DEFS' OPPOSITION TO MOTION
TO ADD ADDITIONAL NAMED PLAINTIFF
CASE NO. 3:25-CV-02768-JSC

Although it may appear as a routine administrative motion in a small shareholder class action, Plaintiff's motion has ramifications beyond just this case.  In 1995, Congress (overriding President Clinton's veto of a statute for the only time in his eight years) reformed the rules for shareholder class actions.  Private Securities Litigation Reform Act of 1995.  15 U.S. Code § 78u-4.  One of the primary purposes of the Reform Act was to terminate the practice of plaintiff-lawyers cutting deals among themselves so that they were the real parties in interest in securities suits, rather than the actual shareholders.  The linchpin of the reform efforts was to put the Court—not coalitions of plaintiff law firms—in charge of the selection process.

Perhaps because the Reform Act is now 30 years old, the plaintiffs bar seems to be having a mid-life crisis.  More and more often, after the Court does its job and picks the Lead Plaintiff—following the statutorily prescribed process—lawyers in the backroom work around the Court's decision.  Quite recently, that happened in a shareholder suit against Instacart.  Judge Davila shut it down.

Now, it is being attempted here.  This Court, too, should shut this tactic down.  So many securities suits are filed in N.D. Cal. that a decision, like this, on an administrative motion in a small shareholder suit, can have ramifications throughout the District and the plaintiffs' bar.

Defendants respectfully submit this memorandum in opposition to Lead Plaintiff's Motion to Add Another Named Plaintiff.

### Timeline

All events, 2025

| | |
|---|---|
| February 25 | Ultra Clean's stock drops after earnings announcement |
| March 24 | Levi & Korsinsky file class action complaint |
| June 6 | Lead Plaintiff motions due; four law firms compete |
| June 11 | Three of the firms (including Levi & Korsinsky) drop out, leaving Rosen Law Firm as last candidate standing |
| June 27 | Court appoints plaintiff Ergül as İlaslan Lead Plaintiff and approves Rosen Law Firm |
| August 6 | Rosen Law Firm asks whether Defendants will object to its adding Levi & |

Korsinsky client as named plaintiff; Defendants respond that we will object

August 11            Plaintiff files the Administrative Motion

August 26            Consolidated amended complaint is due

**Judge Davila's Recent Decision in Instacart**

We need not burden the Court with a discussion of the statutory Lead Plaintiff process. The Court's Order of June 27 lays it all out. *Schweiger v. Ultra Clean Holdings, Inc.*, 2025 WL 1785336 (N.D. Cal. June 27, 2025).

A situation similar to the present one occurred recently in a shareholder class action against Instacart.[1]

In Instacart, two shareholders and law firms that were competing to be Lead Plaintiff laid down their arms and cut a deal to combine. Judge Davila rejected that proposal. He held that two lead plaintiffs would be "excessive" given the nature of the case. *Stephens v. Maplebear Inc.*, 2024 WL 3262617, at *5 (N.D. Cal. July 1, 2024). Notwithstanding his ruling, the two firms tried a different route (the same one attempted here). The firm chosen as Lead added the other shareholder and counsel as "additional plaintiff" in the consolidated complaint. Judge Davila issued an order to show cause for adding a "Named Plaintiff" and "Additional Counsel" in the complaint. Not. of Hearing, *Stephens v. Maplebear Inc.*, No. 5:24-cv-465-EJD (N.D. Cal. Oct. 9, 2024), ECF No. 62. After a hearing, Judge Davila rejected the ploy. He ruled again that "there was no need for two lead counsel." Nov. 12, 2024 Hrg. Tr. at 3, *Stephens v. Maplebear Inc.*, No. 5:24-cv-465-EJD (N.D. Cal. Nov. 12, 2024), ECF No. 98. He said that the Court was "not going to permit" the additional firm to be listed as co-lead counsel or collect any attorney's fees on the matter, particularly given California's ethical rules regarding fee-splitting. *Id.* at 5–6.

No doubt plaintiffs can find some cases where the maneuver being attempted here was successful. In many of those cases, the defendants probably didn't care. In others, the peculiarities of a particular plaintiff may have warranted piling on. None of that is true here. We do object. And

---

[1] Subsequently, Judge Davila dismissed that case with leave to amend. *Stephens v. Maplebear Inc.*, 2025 WL 1359125 (N.D. Cal. May 9, 2025). Plaintiff did not amend, and that litigation is over. Order Regarding Dismissal with Prejudice, *Stephens v. Maplebear, Inc.*, No. 5:24-cv-465-EJD (N.D. Cal. June 3, 2025), ECF No. 112.

there is no need to add another plaintiff.

The avowed rationale for the motion is that Levi & Korsinsky did work, especially with former employees, that could benefit the Rosen Firm. This beggars reality. A review of the complaint originally filed by Levi & Korsinsky demonstrates that it was not based on any interview of former employees, but solely on publicly available documents. *See* ECF No. 1 at ¶¶ 21, 23, 26, 30 (citing only alleged misstatements in earnings call transcripts and press releases). Indeed, that complaint did not cite a single former employee or confidential witness.

Even if Levi & Korsinsky put some time into working up the case, it did so as its own business development process, knowing that it might lose the competition to serve as class counsel. If plaintiffs' rationale were accepted by the Court, one could expect to see this in every situation in which competitors resolve their rival Lead Plaintiff motions by promising to bring in the withdrawing firm later, ostensibly in order to "benefit from their work-up of the case." From a policy perspective, a plaintiff firm that works up a class complaint and seeks to serve as class counsel should be under some obligation to share the work-product with the firm chosen by the Court to lead the matter.

Among the cases that Lead Plaintiff cites, none of those circumstances exist here. Unlike his cited cases, there is no suggestion here that Lead Plaintiff or Mr. Marchitto would represent different interests or subclasses. Lead Plaintiff has already stated that he can adequately represent "all purported class members." ECF No. 34 at 5.[2] Mr. Marchitto is not a member of a "subclass" requiring its own representative because he and Lead Plaintiff allege similar financial losses of the same category of securities they acquired in the same way. ECF No. 36 at 9 ("Mr. Marchitto's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.").

Similarly, both Lead Plaintiff and Mr. Marchitto are individual investors. Where courts have permitted the addition of named plaintiffs and/or counsel, they have done so to balance institutional

---

[2] *Hunt v. Bloom Energy Corp.*, 2021 WL 1110260 at *2 (N.D. Cal. March 23, 2021) (appointing additional lead plaintiff to ensure that members of the class who purchased a "different category of securities" would be adequately represented); *In re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d 472, 484 (D.N.J. 2001) (appointing additional lead plaintiff to ensure representation of a "diversity" of interests).

DEFS' OPPOSITION TO MOTION
TO ADD ADDITIONAL NAMED PLAINTIFF        4
CASE NO. 3:25-CV-02768-JSC

investor interests with individual interests across a diverse class.[3]  Here, both Lead Plaintiff and Mr. Marchitto are individual investors with a differential in alleged loss of only about $136.  ECF No. 34 at 2.[4]

### Why Do We Care?

Defendants file this opposition, not because we believe that adding or not adding a second law firm (and individual shareholder) will affect the odds of our prevailing on a motion to dismiss.  Rather, it is a matter of principle.  The Reform Act sought to put a stop to plaintiff law firm wheeling-and-dealing.  No plaintiff firm can be expected to take a stand on this, because in the next case, they may want to cut a deal with the winner.  If a defendant does not speak out on this, then no one will.  That is why we have brought this to Your Honor's attention.

Dated: August 20, 2025

FRESHFIELDS US LLP

By: _Boris Feldman_____
    Boris Feldman

*Attorneys for Defendants Ultra Clean Holdings, Inc., James Scholhamer, and Sheri Savage*

---

[3] *See Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) (allowing another lead plaintiff because the existing lead was an institutional investor with millions more in losses than the individual investors in the class).

[4] Unlike Lead Plaintiff's cited cases, Mr. İlaslan has not expressed any concern that he will be unable to vindicate the interests of other class members. *See, e.g. Johnson v. Pozen, Inc.*, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008) (appointing an individual investor as co-lead plaintiff with an institutional investor to ensure the interests of those who lost thousands less were represented).

DEFS' OPPOSITION TO MOTION
TO ADD ADDITIONAL NAMED PLAINTIFF      5
CASE NO. 3:25-CV-02768-JSC