**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFIR SCHWEIGER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ULTRA CLEAN HOLDINGS, INC., JAMES SCHOLHAMER, and SHERI SAVAGE, <br><br> Defendants. | Case No. 3:25-cv-02768-JSC <br><br> Date:     October 9, 2025 <br> Time:    10:00 a.m. <br> Hon.    Jacqueline Scott Corley <br> Courtroom: 8—19th Floor <br><br> **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF ERGÜL İLASLAN'S MOTION FOR LEAVE TO ADD ADDITIONAL NAMED PLAINTIFF TO THE FORTHCOMING AMENDED COMPLAINT** |

Defendants' Opposition to Lead Plaintiff's Motion[1] reads more like conspiratorial humor than argument grounded in law or logic, imagining "ploys" and "maneuvers" and "backroom" workarounds. Lead Plaintiff's Motion belies any such claim. Nevertheless, in the name of some undefined, unsupported "principle," Defendants seek to seize control over Lead Plaintiff's and its counsel's management of this litigation by opposing adding to the amended complaint a non-lead representative party and his counsel and preventing both from participating on the Class's behalf.

Even as Defendants cite Judge Davilla's 2024 Order in *Stephens v. Maplebear Inc.*, 2024 WL 3262617, at *5 (N.D. Cal. July 1, 2024), they include no citation to the PSRLA, Rule 23, the

---

[1] Lead Plaintiff cites to Defendants Memorandum in Opposition, Dkt. 50, as "DMem. __."

Manual for Complex Litigation, or any other law or logic supporting the "principle" they weave from whole cloth. This is not surprising given that "nothing in the PSLRA requires court approval for the addition of additional named plaintiffs by the Lead Plaintiff' and "[n]or does the PSLRA speak to whether lead counsel may associate additional counsel to assist in the prosecution of a case, subject to the control of lead counsel." *Hunt v. Bloom Energy Corp.*, No. 19-CV-02935-HSG, 2021 WL 1110260, at \*1 (N.D. Cal. Mar. 23, 2021). For the sake of clarity: Lead Plaintiff does not seek to circumvent this Court's Order. Throughout this litigation, one lead plaintiff and only one lead plaintiff and one lead counsel and only one lead counsel, will represent the Class's interests fairly and adequately. Defendants have no say in how Lead Plaintiff and Lead Counsel prosecute this action. "So Defendants' motion fails, because the claimed prohibition in the PSLRA on which it relies simply does not exist." *Id.*

## ARGUMENT

Bereft of any support whatsoever from either the PSLRA or Fed. R. Civ. P. 23, Defendants resort to purported legislative history, without citation. "One of the primary purposes of the Reform Act" they assert, "was to terminate the practice of plaintiff-lawyers cutting deals among themselves so that they were the real parties in interest in securities suits, rather than the actual shareholders." DMem 2. It is certainly true that the Private Securities Litigation Reform Act ("PSLRA") promotes greater party control over securities class actions by promoting appointment of a "member *or members* of the purported class that the court determines to be most capable of adequately representing the interest of the class members . . . ." 15 U.S.C. §78u-4(a)(3)(B)(i) (emphasis added).

Defendants' counsel resorts to uncited legislative history over the statute's language. By its express term "lead," the PSLRA presupposes the participation of additional representatives and additional counsel. In no way whatsoever does it prohibit such participation. In statutory interpretation, after examining the specific provision and the "structure of the statue as a whole, including its object and policy," where "the plain meaning of the statute is unambiguous, that meaning is controlling." *United States v. Cox*, 963 F.3d 915, 920 (9th Cir. 2020) (citation omitted). No need exists to examine the statute's history if its plain meaning is unambiguous.

Rather, an unambiguous meaning controls. *Transwestern Pipeline Co., LLC v. 17.19Acres of Property Located in Maricopa County*, 627 F.3d 1268, 1271 (9th Cir. 2010). Here, the PSLRA's inclusion of the word "lead" and not a substitute such as "sole," is unambiguous and therefore dispositive. Under the direction of a lead plaintiff and lead counsel, other representative parties and other counsel can participate in private securities litigation.

The PSLRA mandates that courts select as "lead plaintiff" a member or members of the putative class. 15 U.S.C. §78u-4(a)(3)(b)(i). It empowers the lead plaintiff to select a "lead counsel" with court approval. 15 U.S.C. §78u-4(a)(3)(B)(V). In context, "lead" means "to guide on a way especially by going in advance," "to direct the operations, activity, or performance of," and "to direct on a course or in a direction."[2] Lead, then, presupposes potential followers, like a conductor leading an orchestra, a foreman leading a work crew, or a lawyer leading her associates. For example, the docket in this case lists Boris Feldman of Freshfields as "LEAD ATTORNEY" for Defendants. The docket lists three other attorneys from Freshfields but does not designate them as lead attorneys. In all likelihood, all four have worked and will continue to work on this case. Rather than exclude other participants, therefore, when the PSRLA refers to "lead," it presupposes that followers may exist. So long as the lead plaintiff and lead counsel lead, additional participants may follow. Thus, nothing in the PSLRA limits the participation of additional class representatives or additional counsel. *See, e.g., Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (explaining that "the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class.").

Lead Plaintiff moved to add Mr. Marchitto as a representative party and his counsel, Levi & Korsinsky, as additional counsel in an abundance of caution. Neither Rule 23 nor the PSLRA requires such a motion. Once a court appoints a lead plaintiff and approves the selection of lead counsel, client and attorney are free to litigate the claims of the lead plaintiff as they see fit, including adding additional named plaintiffs and including other class counsel to assist with their

---

[2] https://www.merriam-webster.com/dictionary/lead#h2. The Ninth Circuit has relied on Merriam Webster for definitions in its plain meaning analysis. *See Cox*, 963 F.3d at 920 (relying on Merriam-Webster definition of notice).

efforts, subject to a court order certifying the class—including both the adequacy of the lead plaintiff and any other "representative parties," Fed. R. Civ. P. 23(a)(4), and the appointment of class counsel, Rule 23(g)—and approving the settlement, if any, as fair, adequate, and reasonable, Fed. R. Civ. P. 23(e), and awarding fees, if any. Fed. R. Civ. P. 23(h); 15 U.S.C. §78u-4(a)(6). *See also* Fed. R. Civ. P. 23(d) (on court authority in conduct of class action).

Not only does the *Stephens v. Maplebear, Inc.*, 2024 WL 3262617 (N.D. Cal. July 1, 2024), opinion ignore the PSLRA's express mandate, improperly limiting the number of lead plaintiffs to "an individual" and otherwise restricting participation of other representatives and counsel, but it is inapposite. The *Stephens* court confronted competing lead plaintiff motions and a subsequent stipulation among parties for the appointment of co-lead plaintiffs and approval of co-lead counsel. 2024 WL 3262617 *1. It was silent as to the subsequent addition of a non-lead plaintiff, representative party or the participation of additional counsel on behalf of the class. Rather, it found that the case was not a "matter is of such complexity that it requires multiple firms ***acting as lead counsel***." *Id*. *5 (emphasis added). *Stephens* does not address whether the lead plaintiff Judge Davila ultimately appointed was prohibited from adding representative plaintiffs or including additional counsel in their efforts on the class's behalf. Subsequent, unreported proceedings in *Stephens* fare no better, DMem 3, citing no law prohibiting participation of additional representative plaintiffs or compensated additional counsel. Indeed, before either class certification proceedings or a hearing on attorneys' fees after approval of a settlement or verdict at trial, no rule or statute supports the *Stephens* court's ruling.

But even if this Court finds *Stephens* analogous—as opposed to somehow determinative as Defendants wrongly suggest—the court's analysis of the lead plaintiff issue departed from the PSLRA's mandate. The court posited that it "evaluates the alleged losses of the various movant plaintiffs, and selects as the presumptive lead plaintiff ***the individual*** who (1) has the largest financial interest in the relief sought by the class and (2) satisfies the requirements of Federal Rule of Civil Procedure 23 . . . ." *Id*. at *2 (citation omitted) (emphasis added). As noted above, however, in compulsory terms "shall adopt a presumption," the PLSRA mandates that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class," 15 U.S.C.

4

§78u-4(a)(3)(B)(i)—"the person **or group of persons**" who have timely moved, have the largest financial interest in the action, and meet Rule 23's adequacy and typicality requirements. 15 U.S.C. 78u-4(a)(3)(B)(iii)(I). Even at the lead plaintiff stage, a court ruling that only one lead plaintiff can serve, requiring some showing of "complexity" to appoint a "group of persons" or co-lead counsel, disregards the PSLRA's plain language. And nothing in the PSRLA limits a lead plaintiff's ability to guide class litigation as it and its designated, approved counsel choose.

Rule 23 requires nothing different. With respect to counsel, a case's relative complexity is irrelevant. Rule 23(g)(4) requires that "[c]lass counsel must fairly and adequately represent the interests of the class" and the PSLRA expresses that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). For this proposition, limiting participation of additional counsel except upon a showing of complexity, the *Stephens* Court cited *Melucci v. Corcept Therapeutics Inc.*, 2019 WL 13175840, at *1 (N.D. Cal. July 2, 2019), stating "[i]n the interest of a cost-effective resolution of the instant case, the Court finds it excessive to appoint two law firms and two co-lead Plaintiffs in this single case." The phrase "cost effective resolution" appears nowhere in Rule 23 or the PSLRA. Rather, the PSLRA mandates that courts retains power at a case's conclusion to restrict attorneys' fees and expenses, stating, "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. §78u-4(a)(6). This provides no reason to appoint or not to appoint co-lead counsel or permit participation by other lawyers, *ex ante*.

More, typically, attorneys in securities class actions represent plaintiffs on a contingency basis. *See Hardy v. Embark Tech., Inc.*, 2024 WL 1354416 *8 (N.D. Cal. March 29, 2024) (Scott Corley, J.). It makes no sense to assume that lawyers will duplicate effort or avoid litigating cost-effectively when their compensation and recovery of expenses depend on the outcome of their efforts and not the quantity of the hours they bill. Even still, Lead Plaintiff is keenly aware of this Court's views on the lodestar cross check, creating a disincentive to bill unreasonably. *See id*. at *8-10. This Court's scrupulous *ex post* review promotes the efficiency the *Melucci* court found

necessary to appointing **lead counsel** *ex ante*. In these circumstances, no need exists to disallow a lead plaintiff and the counsel it selects to litigate a case as they see fit, and Defendants advance none.

Still further, Ninth Circuit precedent supports that disallowing a fee split in advance is improper. The Ninth Circuit held in a class action fee application context that courts may reject a fee split if it is contrary to the interests of the class, in violation of the rules of professional conduct,[3] or disproportionately rewards the relative efforts of, and benefits conferred upon the class by, co-counsel. *In re FPI/Agretech Securities Litigation*, 105 F.3d 469, 473-74 (9th Cir. 1997). "So long as the district court provides a 'concise but clear explanation' of its reasons, and those reasons are supported by the record," it stated, "the reviewing court should accept its decision." *Id*. at 473. The Ninth Circuit, however, requires a record. Fee splits in a class action are, therefore, proper, and district courts should accept them unless good cause exists to reject them on a fully developed record. No court can prejudge good cause, as the Ninth Circuit requires record support. Taken together, the scrutiny this Court applied in *Hardy* and the *FPI/Agretech* admonition not to reject a fee split except upon a developed record and for good cause should cause this Court to grant Plaintiff's Motion.

Last, Defendants concede that they did not file their opposition "because we believe that adding or not adding a second law firm (and individual shareholder) will affect the odds of our prevailing on a motion to dismiss." DMem 5. But if their opposition to this motion is irrelevant to their litigation position, their filing it beggars belief. The Freshfields firm lumps together attorney and client in their combined declaration of reasons for opposition—but as long as Freshfields aims to step into the shoes of Lead Counsel to manage this litigation, Lead Counsel

---

[3] Defendants' accusation that Lead Counsel is violating California Rule of Professional Conduct 1.5.1, DMem 3, fails. The PSLRA, 15 U.S.C. §78u-4(a)(6) ("reasonable percentage"), and Rule 23(h) ("reasonable attorney's fees and nontaxable costs") require this court to approve reasonable counsel's fee and expense reimbursements. As such, Cal. RPC 1.5.1(b) ("[t]his rule does not apply to a division of fees pursuant to court order"), applies. As the Ninth Circuit wrote in *FPI/Agretech*, "[w]e decline to curb the district courts' broad discretion in exercising their equitable power to award attorneys' fees in common fund class actions by requiring that fee allocation proposals be treated as enforceable contracts." 105 F.3d at 474. That is, a contract under 1.5.1(a) binds neither parties nor counsel because the district court has the final say.

is happy to do the same and question Freshfields' decisions as well. Who scrutinized that time? Should Defendants bear the cost for a brief that their counsel readily admits has no relevance to their success or failure in this case? Lead Plaintiff certainly should not.

Lead Plaintiff does not propose adding an additional *lead* plaintiff or *lead* counsel. Lead Plaintiff İlaslan remains lead plaintiff and The Rosen Law Firm, P.A. remains lead counsel and will manage the litigation of this case, litigating it fairly and adequately in the interests of the Class. As Defendants concede, neither Rule 23 nor the PSLRA requires anything more.

## CONCLUSION

For the foregoing additional reasons, the Court should grant Lead Plaintiff leave to include Mr. Marchitto as an additional class representative and permit his counsel at Levi & Korsinsky to participate in Lead Plaintiff's prosecution in this action.

Dated: September 2, 2025              Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ *Jacob A. Goldberg*
Jacob A. Goldberg (admitted *pro hac vice*)
Leah Heifetz-Li (admitted *pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone:    (215) 600-2817
Facsimile:    (212) 202-3827
Email:        jgoldberg@rosenlegal.com
              lheifetz@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email:        lrosen@rosenlegal.com

*Lead Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I, Jacob A. Goldberg, hereby certify that a true and correct duplicate copy of the foregoing Reply Memorandum in Further Support of Lead Plaintiff's Motion for Leave to Add Additional Named Plaintiff was filed electronically on September 2, 2025. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg

REPLY MEMORANDUM IN FURTHER SUPPORT OF LEAD PLAINTIFF ERGÜL İLASLAN'S MOTION FOR LEAVE TO ADD ADDITIONAL NAMED PLAINTIFF TO THE FORTHCOMING AMENDED COMPLAINT
Case No. 3:25-cv-02768-JSC