1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OFIR SCHWEIGER,

          Plaintiff,

    v.

ULTRA CLEAN HOLDINGS, INC., et al.,

          Defendants.

Case No.  25-cv-02768-JSC


**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO NAME AN ADDITIONAL PLAINTIFF AND FOR THE COURT TO APPOINT HIS COUNSEL**

Re: Dkt. No. 46, 57

       Plaintiff Ofir Schweiger instituted this putative class action against Ultra Clean Holdings and two individuals ("Defendants") for making materially false and misleading statements and omissions to artificially inflate the price of its stock in violation of the Securities Exchange Act, ("PSLRA"), and related regulations.  (Dkt. No. 1.)[1]  Notice of the action was made on March 24, 2025 and filed with the Court on April 11, 2025.  (Dkt. Nos. 9, 9-1.)  Subsequently, four putative class members (collectively "movants") moved for appointment as lead plaintiff and for approval of their respective selections of lead counsel, including Anthony Marchitto represented by Levi & Korsinsky, LLP. (Dkt. No. 23.)  After opening briefs were filed, two movants, including Mr. Marchitto, withdrew their motions and one submitted a notice of non-opposition.  (Dkt. Nos. 33, 35, 37.)  So, the Court was left with only one unopposed motion for appointment as lead plaintiff and approval of his selection of lead counsel.  (Dkt. No. 15.)  After ensuring that movant—Mr. İlaslan—had made a *prima facie* showing he is an adequate and typical class representative, the Court appointed him and his chosen counsel, The Rosen Law Firm, as lead plaintiff and counsel.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1    (Dkt. No. 39.)  The parties subsequently stipulated to a briefing schedule on Defendants'

2    anticipated motion to dismiss that has the matter being heard in March 2026.  (Dkt. No. 41.)

3          Now pending before the Court is the motion of Lead Plaintiff Mr. İlaslan to add as a

4    named plaintiff Mr. Marchitto and add as additional counsel his law firm Levi & Korsinsky.  (Dkt.

5    No. 46.)  After carefully considering the written submissions, the Court concludes oral argument is

6    not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 16, 2025 hearing, and

7    DENIES Lead Plaintiff's motion.

8          First, Lead Plaintiff provides no good reason for adding Mr. Marchitto as a named

9    plaintiff.  For example, he does not contend he has identified subclasses which he does not have

10   standing to represent. (Dkt. No. 35 at 9 ("Mr. Marchitto's claims are based on the same legal

11   theory and arise from the same events and course of conduct as the Class's claims.").) *See, e.g.,*

12   *Bodri v. GoPro, Inc*., 2016 WL 1718217 *6 (N.D. Cal. Apr. 28, 2016) ("Being a lead plaintiff is

13   not the same thing as being a class representative, and additional named plaintiffs may be added

14   later to represent subclasses of plaintiffs with distinct interests or claims.")  His suggestion that

15   adding Mr. Marchitto as a plaintiff will provide continuity of class representation should an issue

16   with class representation arise is unpersuasive.  If an issue develops the Court can address at that

17   time who would be the most appropriate substitute lead plaintiff.  And, if Mr. Marchitto and his

18   counsel are presently aware of an issue with Mr. İlaslan they should have raised it in connection

19   with the motions for appointment of lead plaintiff.  But adding a named plaintiff now will merely

20   create confusion as to who is directing the litigation.  Only Mr. İlaslan controls this litigation.  Not

21   also Mr. Marchitto who, again, chose to withdraw his application to be appointed lead plaintiff.

22   Plaintiff's citation to cases appointing co-lead plaintiffs is unavailing.  (Dkt. No. 46 at 3-4; No. 52

23   at 3.)  While the PSLRA allows the appointment of lead plaintiffs plural, Mr. İlaslan and Mr.

24   Marchitto decided not to ask to be appointed co-lead plaintiffs at the time the Court was

25   deciding—as mandated by the PSLRA—the appointment of lead plaintiff.

26         Second, Plaintiff has provided no good reason for inevitably increasing the costs to the

27   class by the Court officially appointing a second law firm to represent the putative class. If Mr.

28   İlaslan thought his chosen law firm was not up to the task of representing the class, then he should

1    have retained a different firm or at least retained two firms at the time he moved for appointment

2    as lead plaintiff.  And he provides no reason why the specific circumstances of this case warrant

3    the Court appointing an additional firm to represent the class.  (Dkt. No. 46 at 4.)

4         So, Lead Plaintiff's motion to add Mr. Marchitto as a named plaintiff is DENIED.  The

5    Court also declines to appoint Mr. Marchitto's counsel as additional class counsel.

6         This Order disposes of Docket Nos. 46, 57.

7         **IT IS SO ORDERED.**

8    Dated: October 9, 2025

9

10   _____
     JACQUELINE SCOTT CORLEY
11   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28