BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
EUNICE LEONG, State Bar No. 320499
eunice.leong@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

AGNÈS DUNOGUÉ (*pro hac vice*)
agnes.dunogue@freshfields.com
MARIA SLOBODCHIKOVA (*pro hac vice forthcoming*)
maria.slobodchikova@freshfields.com
FRESHFIELDS US LLP
3 World Trade Center
175 Greenwich Street, 51st floor
New York, NY 10007

*Attorneys for Defendants Ultra Clean*
*Holdings, Inc., James Scholhamer,*
*and Sheri Savage*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OFIR SCHWEIGER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ULTRA CLEAN HOLDINGS, INC., JAMES SCHOLHAMER, and SHERI SAVAGE,<br><br>Defendants. | Case No.: 3:25-cv-02768-JSC<br><br>**DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: March 5, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 8 – 19th Floor<br>Judge: Hon. Jacqueline Scott Corley |

DEFS' RJN ISO MOTION TO DISMISS
AMENDED COMPL.
CASE NO. 3:25-CV-02768-JSC

Defendants respectfully request that the Court consider certain documents incorporated by reference in the Amended Complaint ("AC" or "¶") and/or take judicial notice of certain documents submitted in connection with their Motion to Dismiss ("Motion"). True and correct copies of the documents described herein are attached as exhibits to the concurrently filed Declaration of Eunice Leong.

## ARGUMENT

When ruling on a motion to dismiss a claim under the federal securities laws, a court "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The exhibits referenced below are properly considered in connection with the Motion because they are incorporated by reference into the AC and are additionally appropriate subjects of judicial notice pursuant to Federal Rule of Evidence 201.

### A.  The Court May Consider Documents Incorporated By Reference

The incorporation-by-reference doctrine permits the Court to examine a "document [that] forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The Court treats incorporated documents "as though they are part of the complaint itself" to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weakened—or doom—their claims." *Id.*

On motions to dismiss, this Court and others in this District regularly consider documents cited in complaints. *See, e.g.*, *Glazing Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.*, 2025 WL 1569421, at *4 (N.D. Cal. June 3, 2025) (Corley, J.) (incorporating by reference several documents where "contents are described and the document[s] [are] integral to the complaint"); *Pirani v. Netflix, Inc.*, 710 F. Supp. 3d 756, 766 (N.D. Cal. 2024) (incorporating by reference several documents where neither party "disput[ed] the authenticity of any of these documents" and "the CAC reference[d] them repeatedly"); *Huei-Ting Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that plaintiffs "quoted throughout the Complaint" and were "necessary to assess the veracity of the challenged statement in context").

The following documents are relied upon, described, or quoted in the AC and form part of the basis of Plaintiff's allegations: (i) documents (such as SEC filings and earnings call transcripts) containing the challenged statements, (ii) SEC filings containing information about the Individual Defendants' stock sales, and (iii) news articles and analyst reports concerning Ultra Clean and the semiconductor industry. The Court should therefore consider the following documents as incorporated by reference into the AC[1]:

### 1. Documents Containing The Challenged Statements

In the Complaint, Plaintiff relies upon references and quotes from numerous public documents to allege that Ultra Clean made material misstatements and omissions. Courts in this District routinely consider such documents incorporated by reference in cases alleging securities fraud. *See Bhangal v. Hawaiian Elec. Indus., Inc.*, 2024 WL 4505465, at *6 (N.D. Cal. Oct. 15, 2024) (Corley, J.) (incorporating by reference documents that contained challenged statements); *iRhythm Techs., Inc.*, 2025 WL 1569421, at *4 (same); *Moradpour v. Velodyne Lidar, Inc.*, 2022 WL 20611446, at *1 (N.D. Cal. July 1, 2022) (same). Among these documents are Ultra Clean's SEC filings, transcripts of earnings calls, and press releases.

***SEC Filings***. When a complaint cites or references SEC filings, those filings are deemed incorporated by reference and may be considered by the Court. *See iRhythm Techs., Inc.*, 2025 WL 1569421, at *4 (incorporating by reference defendants' 10-Qs containing challenged statements); *Petersen v. TriplePoint Venture Growth BDC Corp.*, 2024 WL 5384678, at *2 (N.D. Cal. Aug. 7, 2024) (incorporating by reference SEC filings that the complaint "relies upon, quotes, or refers to"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 862 (N.D. Cal. 2004) (considering SEC filings "described in the complaint" under the incorporation by reference doctrine). Accordingly, Defendants request the Court consider the following documents incorporated by reference:

- Ex. 1[2]: Ultra Clean's Annual Report for the fiscal year ending December 31, 2023, publicly filed with the SEC on Form 10-K on March 6, 2024. ¶¶ 22, 23, 31.

- Ex. 2: Ultra Clean's Quarterly Report for Q1 2024, publicly filed with the SEC on Form 10-Q on May 6, 2024. ¶¶ 54, 55.

---

[1]    For the reasons explained below these documents may also be judicially noticed.
[2]    Citations to Ex. refer to the exhibits attached to the Leong Declaration.

- Ex. 3: Ultra Clean's Quarterly Report for Q2 2024, publicly filed with the SEC on Form 10-Q on July 26, 2024. ¶¶ 61, 62, 65.

- Ex. 4: Ultra Clean's Quarterly Report for Q3 2024, publicly filed with the SEC on Form 10-Q on October 30, 2024. ¶¶ 67, 69.

- Ex. 6: "Ultra Clean Reports Second Quarter 2024 Financial Results," press release attached as Ex. 99.1 to Ultra Clean's July 25, 2024 Form 8-K. ¶ 60.

- Ex. 7: "Ultra Clean Reports Third Quarter 2024 Financial Results," press release attached as Ex. 99.1 to October 28, 2024 Form 8-K. ¶ 66.

***Transcripts of Earnings Calls***.   When a plaintiff alleges that a defendant made false or misleading statements in earnings calls, the transcripts of such calls are considered incorporated by reference.  *See iRhythm Techs.*, 2025 WL 1569421, at *4 (incorporating by reference earnings call transcript); *Mulquin v. Nektar Therapeutics*, 501. F. Supp. 3d 854, 863 (N.D. Cal. 2020) (incorporating by reference transcripts and presentations to investors that plaintiffs alleged contained false and/or misleading statements).  Accordingly, Defendants request the Court consider the following documents incorporated by reference:

- Ex. 8: Transcript of Ultra Clean's Q1 2024 Earnings Call, which took place on May 6, 2024.  ¶¶ 56, 57.

- Ex. 9: Transcript of Ultra Clean's Q2 2024 Earnings Call, which took place on July 25, 2024.  ¶¶ 60, 62, 63, 64.

- Ex. 10: Transcript of Ultra Clean's Q3 2024 Earnings Call, which took place on October 28, 2024.  ¶ 68.

- Ex. 11: Transcript of Ultra Clean's Q4 2024 and Fiscal Year 2024 Earnings Call, which took place on February 24, 2025.  ¶¶ 71, 73.

**2. Documents Containing Information About The Individual Defendants' Sales Of Ultra Clean' Shares.**

Plaintiff expressly references and relies on Ultra Clean's SEC filings containing information about the Individual Defendants' 10b5-1 trading plans. *See* ¶ 78.  Thus, this Court may consider these documents in deciding the Motion.  *See Petersen*, 2024 WL 5384678, at *2.  In addition, the AC expressly relies on the information about Individual Defendants' stock sales, which is disclosed to the public through Savage's and Scholhamer's Forms 4 filed with the SEC.  *See* ¶¶ 80-87.  Accordingly, such SEC filings are "integral to the complaint" and therefore may be incorporated by reference. *iRhythm Techs*., 2025 WL 1569421, at *4.  Defendants therefore request that the Court consider such documents, set forth below, incorporated by reference:

DEFS' RJN ISO MOTION TO DISMISS
AMENDED COMPL.
CASE NO. 3:25-CV-02768-JSC

3

- Ex. 5: Ultra Clean's Amendment to Form 10-Q for Q1 2024 publicly filed with the SEC on February 11, 2025  on March 8, 2024.  ¶ 78.

- Ex. 17: Forms 4 publicly filed on behalf of Sheri Savage with the SEC from June 11, 2024 to July 15, 2024, described in ¶¶ 8186.

- Ex. 18: Form 4 publicly filed on behalf of James Scholhamer with the SEC on July 11, 2024, described in ¶ 87.

### 3. News Articles and Analyst Reports Concerning Ultra Clean and The Semiconductor Industry

Plaintiff also alleges that the semiconductor industry was aware of the trend of stockpiling by Chinese OEMs and supports his allegations by citing to news articles and analyst reports.  The Court may consider these news articles and analyst reports incorporated by reference.  *See In re Apple Inc. Sec. Litig.*, 2020 WL 6482014, at *5 (N.D. Cal. Nov. 4, 2020) (incorporating by reference news articles described in the complaint that provide context to the plaintiff's allegations*); Plumbers & Steamfitters Loc. 60 Pension Tr. v. Meta Platforms, Inc.*, 2024 WL 4251896, at *9 (N.D. Cal. Sept. 17, 2024) (incorporating analyst reports relative to Meta's stock performance); *Reckstin Fam. Tr. v. C3.ai, Inc.*, 718 F. Supp. 3d 949, 966 (N.D. Cal. 2024) (incorporating by reference analyst reports that supported part of plaintiff's allegations in the complaint).  Accordingly, Defendants request the Court consider the following documents incorporated by reference:

- Ex. 12:  Article by Prashant Rao and Mathias Hammer titled Chinese firms import record levels of chip making equipment, and published by Semafor on August 23, 2024.  ¶ 37.

- Ex. 13: Article by Jacky Wong titled China is Stockpiling for Next Phase of the Chip Wars, published by The Wall Street Journal on February 26, 2024.  ¶ 36.

- Ex. 14: Analyst report titled "Steady Results With Upside From HBM and China OEMs; Raise PT to $56," published by Needham & Company on May 7, 2024.  ¶¶ 30, 46.

- Ex. 15: Article by Annick Bao, titled China's ambitions for semiconductor self-sufficiency thwarted-by lack of tools, published by CNBC on September 27, 2024.  ¶ 38.

- Ex. 16: Analyst report titled "Initiate with Outperform and $70 PT; Coiled Spring Aligned with Semiconductor Growth Vectors," published by Oppenheimer Equity Research on September 24, 2024.  ¶ 46.

- Exhibit 19: Analyst report titled "Near Term Strength From AI And China Continues With Optimistic View for Double-Digit 2025 WFE Growth. Maintaining Our BUY Rating And $60 Price Target," published by Craig-Hallum Capital Group on October 29, 2024.  ¶ 46.

**B. The Court Additionally May Take Judicial Notice Of These Documents**

Even if the documents described above were not incorporated by reference—which they are—the Court may still consider them on the additional basis that they are subject to judicial notice. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of facts where they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *iRhythm Techs., Inc.*, 2025 WL 1569421, at *5; *Good Meat Project v. GOOD Meat, Inc.*, 716 F.Supp.3d 783, 806 (N.D. Cal. 2024) (same); *see also Mehedi v. View, Inc.*, 2023 WL 3592098, at *3 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory'"); *Wong v. Arlo Techs., Inc.*, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019) (same).

**1. SEC Filings**

The Court may judicially notice SEC filings because they are public disclosure documents that are required by law to be filed. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings "was proper"). Courts "'routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed.'" *Bhangal*, 2024 WL 4505465, at *6 (quoting *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020)); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5–1 trading plan."). Accordingly, Defendants request that the Court take judicial notice of the SEC filings described above.

**2. Earnings Call Transcripts, Analyst Reports, and News Articles**

Earnings call transcripts, news articles, analyst reports, and other publicly available materials are proper subjects of judicial notice for purposes of determining what information was publicly available to the market at the time of the challenged statements. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 982 n.18 (9th Cir. 1999) (taking judicial notice that the market was aware of information contained in news articles published at the time); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) ("[C]ourts routinely take judicial notice of analyst

reports . . . to determine what may or may not have been disclosed to the public."); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019), *aff'd,* 994 F.3d 1102 (9th Cir. 2021), *and aff'd*, 847 F. App'x 368 (9th Cir. 2021) (corporate press releases subject to judicial notice); *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (judicially noticing transcript from investor conferences because they are not subject to reasonable dispute and can be readily determined through public websites).

Accordingly, Defendants request that the Court take judicial notice of earnings call transcripts, news publications and analyst reports, described above, which Plaintiff references to allege information that was publicly available to the market.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their request and consider the herein-referenced documents as incorporated by reference or judicially notice them in connection with Defendants' Motion to Dismiss.

Dated: October 27, 2025                         FRESHFIELDS US LLP

By: */s/ Agnès Dunogué*
                       Agnès Dunogué (*pro hac vice*)

*Attorneys for Defendants Ultra Clean Holdings, Inc., James Scholhamer, and Sheri Savage*